# COMPOSITE EXHIBIT A



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK TO SEARCH

| MARIO GUERRA VS NEWPORT BEACH AUTOMOTIVE GROUP, LLC | | | |
|---|---|---|---|
| Local Case Number: | 2021-001193-CA-01 | Filing Date: | 01/18/2021 |
| State Case Number: | 132021CA001193000001 | Judicial Section: | CA07 |
| Consolidated Case No.: | N/A | Case Type: | Other Civil Complaint |
| Case Status: | OPEN | | |

👥 **Parties** — Total Of Parties: 2 ➕

🔨 **Hearing Details** — Total Of Hearings: 0 ➕

📶 **Dockets** — Total Of Dockets: 8 ➖

➡ EXPORT TO CSV

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 7 | 02/02/2021 | | Service Returned | Event | Parties: Newport Beach Automotive Group LLC |
| | 6 | 01/21/2021 | | Receipt: | Event | **RECEIPT#:2560205 AMT PAID:$10.00 NAME:HIRALDO, MANUEL SANTIAGO 500 E BROWARD BLVD STE 2100 FORT LAUDERDALE FL 33394-3029 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH** |
| | 5 | 01/21/2021 | | Receipt: | Event | **RECEIPT#:2560006 AMT PAID:$401.00 NAME:HIRALDO, MANUEL SANTIAGO 500 E BROWARD BLVD STE 2100 FORT LAUDERDALE FL 33394-3029 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH** |
| | | 01/20/2021 | | 20 Day Summons Issued | Service | |
| 📄 | 4 | 01/20/2021 | | ESummons 20 Day Issued | Event | Parties: Newport Beach Automotive Group LLC |
| 📄 | 3 | 01/20/2021 | | (M) 20 Day (C) Summons (Sub) Received | Event | |

🔼

Case 1:21-cv-20568-RNS   Document 1-2   Entered on FLSD Docket 02/10/2021   Page 3 of 19

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 2 | 01/18/2021 | | Complaint | Event | |
| 📄 | 1 | 01/18/2021 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK TO SEARCH

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home          Civil / Family Courts Information          Login

## Help and Support

Clerk's Home          Privacy Statement          ADA Notice          Disclaimer          Contact Us

About Us



**HARVEY RUVIN**

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved.





Filing # 119760565 E-Filed 01/18/2021 08:05:57 AM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.      CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Mario Guerra</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>Newport Beach Automotive Group, LLC</u>
Defendant

II.      AMOUNT OF CLAIM
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

III.      TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
        ☐ Business governance
        ☒ Business torts
        ☐ Environmental/Toxic tort
        ☐ Third party indemnification
        ☐ Construction defect
        ☐ Mass tort
        ☐ Negligent security
        ☐ Nursing home negligence
        ☐ Premises liability—commercial
        ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
        ☐ Commercial foreclosure
        ☐ Homestead residential foreclosure
        ☐ Non-homestead residential foreclosure
        ☐ Other real property actions

☐ Professional malpractice
        ☐ Malpractice—business
        ☐ Malpractice—medical
        ☐ Malpractice—other professional
☐ Other
        ☐ Antitrust/Trade regulation
        ☐ Business transactions
        ☐ Constitutional challenge—statute or ordinance
        ☐ Constitutional challenge—proposed amendment
        ☐ Corporate trusts
        ☐ Discrimination—employment or other
        ☐ Insurance claims
        ☐ Intellectual property
        ☐ Libel/Slander
        ☐ Shareholder derivative action
        ☐ Securities litigation
        ☐ Trade secrets
        ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>1</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Manuel S Hiraldo</u>             Fla. Bar # <u>30380</u>
         Attorney or party                         (Bar # if attorney)

<u>Manuel S Hiraldo</u>                <u>01/18/2021</u>
  (type or print name)                 Date

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.

MARIO GUERRA,
*individually and on behalf of all others*
*similarly situated,*

        Plaintiff,

vs.

NEWPORT BEACH
AUTOMOTIVE GROUP LLC,

        Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Mario Guerra brings this class action against Defendant Newport Beach Automotive Group, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.     This is a putative class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

2.     To promote its goods and services, Defendant engages in unsolicited text messaging utilizing an automatic telephone dialing system.

3.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## PARTRIES

4.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Miami-Dade County, Florida, and the subscriber and/or sole user of the cellular telephone number 305-***-5833 (the "5833 Number").

5.      Defendant is, and at all times relevant hereto was, a California corporation and a "person" as defined by 47 U.S.C. § 153(39), with a principal address of 1425 Baker Street, Costa Mesa, California 92626.  Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited text messages to Plaintiff in Florida. Plaintiff's 5833 Number has an area code associated with geographic locations in Florida. Thus, Defendant knew or should have known that it was causing harm to Plaintiff in Florida. Plaintiff received such messages while residing in and physically present in Florida.

8.      Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

## FACTS

9.      Beginning on or about September 4, 2019, Defendant began sending marketing text messages to Plaintiff's 5833 Number.

10.     Plaintiff received the subject text messages within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.

11.     The purpose of Defendant's text messages was to promote and advertise its goods and services.

12.     Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

13.     Plaintiff is the subscriber and sole user of the 5833 Number and is financially responsible for phone service to the 5833 Number

14.     Plaintiff never provided Defendant with express written consent to contact the 5833 with advertisements using an automatic telephone dialing system.

15.     Defendant's text messages were generically formatted and scripted.

16.     The number used by or on behalf of Defendant, i.e., 484848, is known as a "short code." Short codes are short digit sequences, significantly shorter than telephone numbers, that are used to address messages in the Multimedia Messaging System and short message service systems of mobile network operators.

17.     Text messages using a short-code can only be sent using computer equipment.

18.     The impersonal and generic nature of Defendant's text messages, coupled with the fact that they were originated from a short-code, demonstrates that Defendant utilized an automatic telephone dialing system in transmitting the messages.

19.     To send the text messages, Defendant used a messaging platform (the "Platform") that permitted Defendant to transmit thousands of automated text messages without any human involvement.

20.     Upon information and belief, the Platform has the capacity to store telephone numbers.

21.     Upon information and belief, the Platform has the capacity to produce sequential numbers.

22.     Upon information and belief, the Platform has the capacity to dial numbers in sequential order.

23.     Upon information and belief, the Platform has the capacity to dial numbers from a list of numbers.

24.     Upon information and belief, the Platform has the capacity to dial numbers without human intervention.

25.     Defendant's unsolicited calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to his life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

26.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of class two classes and defined as:

**No Consent Class: All persons in the United States who, within four years prior to the filing of this action, (1) were sent a text message by or on behalf of Defendant, (2) using the same equipment or type of equipment utilized to text message Plaintiff, (3) regarding Defendant's property, goods, and/or services, and (4) for which Defendant failed to secure the called party's express written consent.**

27. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

## NUMEROSITY

28. Upon information and belief, Defendant has placed calls to cellular telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

30. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant initiated telemarketing calls to telephone numbers; [2] Whether Defendant can meet its burden of showing that it had express consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

31.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

32.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

33.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another

may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the No Consent Class)**

36.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

37.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

38.     Defendant used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class.

39.     These calls were made without the consent of the called party in that Defendant failed to secure express consent and/or continued to transmit text messages after consent was revoked.

40.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their consent.

41.     Defendant knew that it did not have consent to make these calls and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

42.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a

minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## COUNT II
## VIOLATION OF 47 C.F.R. § 64.1200(a)
## (On Behalf of Plaintiff and the No Consent Class)

43.     Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

44.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… using an automatic telephone dialing system…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

45.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

46.     Defendant transmitted calls using an automatic telephone dialing system to the telephone numbers of Plaintiff and members of the putative class without their prior express written consent and/or continued to transmit text messages after consent was revoked.

47.     Defendant has therefore violated § 64.1200(a)(1)(iii) and § 64.1200(a)(2) by using an automatic telephone dialing system to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

48.     Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an automatic telephone dialing system. The violations were therefore willful or knowing.

49.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

50.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express written consent to receive its messages to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)  An award of actual and statutory damages for Plaintiff and each member of the Class;

c)  As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for himself and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 277(b)(3);

d)  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and its implementing regulations, Plaintiff seeks for himself and each

member of the Classes treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 277(b)(3)(B) and § 277(b)(3)(C);

e)  An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

f)  An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

g)  An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, recipient's consent to receive calls made with such equipment;

h)  A declaration that Defendant's practices described herein violate 47 C.F.R. § 64.1200(a)(1)(iii);

i)  A declaration that Defendant's violations of 47 C.F.R. § 64.1200(a)(1)(iii) were willful and knowing; and

j)  Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages as alleged herein.

DATED: January 17, 2021

Respectfully Submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | CASE NUMBER<br>2021-001193-CA-01 |
| --- | --- | --- |
| PLAINTIFF(S)<br>Mario Guerra | VS. DEFENDANT(S)<br>Newport Beach Automotive Group, LLC | SERVICE<br>INITIALS _SC_ ID# 2015261890<br>DATE 1/21/21 TIME 11:02 a.m. |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): Newport Beach Automotive Group, LLC

Registered Agent: TRUNG MINH NGUYEN

44 AUTO CENTER DR, IRVINE CA 92618

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: Manuel S. Hiraldo

whose address is: 401 E Las Olas Blvd., Ste. 1400, Fort Lauderdale, FL 33301

**CLOCK IN**

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | 310009<br>DEPUTY CLERK | DATE<br>1/20/2021 |
| --- | --- | --- |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 09/19                                    Clerk's web address: www.miami-dadeclerk.com

Filing # 120640626 E-Filed 02/02/2021 10:04:51 AM

# RETURN OF SERVICE

**State of Florida**                    **County of Miami-Dade**                    **Circuit Court**

Case Number: 2021-001193-CA-01

Plaintiff:
**MARIO GUERRA**

vs.

Defendant:
**NEWPORT BEACH AUTOMOTIVE GROUP LLC**

For:
Manuel Hiraldo
Hiraldo P.A.
401 E. Las Olas Blvd.
Ste 1400
Fort Lauderdale, FL 33301

Received by L & L Process, LLC. on the 21st day of January, 2021 at 10:51 am to be served on **NEWPORT BEACH AUTOMOTIVE GROUP LLC REGISTERED AGENT: TRUNG MINH NGUYEN, 44 AUTO CENTER DR, IRVINE, CA 92618**.

I, Sergio Corona, do hereby affirm that on the **21st day of January, 2021** at **11:02 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons 20 Day Corporate Service and Class Action Complaint** with the date and hour of service endorsed thereon by me, to: **CHRISTINA RUSSELL** as **AUTHORIZED / CONTROLLER** for **NEWPORT BEACH AUTOMOTIVE GROUP LLC**, at the address of: **44 AUTO CENTER DR, IRVINE, CA 92618**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30, Sex: F, Race/Skin Color: CAUCASIAN, Height: 5'6, Weight: 170, Hair: DARK, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

**Sergio Corona**
RPS#2015261840

**L & L Process, LLC.**
**13876 SW 56 Street**
**Suite 200**
**Miami, FL 33175**
**(305) 772-8804**

Our Job Serial Number: LLP-2021000284

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w