United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mario Guerra, Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 21-20568-Civ-Scola |
| ) | |
| Newport Beach Automotive Group ) | |
| LLC, Defendant ) | |

### Order on Motion to Remand

This matter is before the Court upon the Plaintiff's motion to remand this matter back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County. For the reasons stated below, the Court **grants** the Plaintiff's motion. (**ECF No. 7**.)

The Defendant timely removed this matter from state court to federal court, invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331, as the Plaintiff's complaint asserts claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. The Plaintiff alleges in his complaint that beginning on September 4, 2019, the Defendant "began sending marketing text messages to Plaintiff's 5833 number" without consent by using an automatic telephone dialing system. (ECF No. 1-2, at ¶ 9-18.) The Plaintiff further states that these messages caused him harm, "including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion." (*Id.* at ¶ 25.) In several paragraphs of his complaint, the Plaintiff refers to the texts messages he received as "calls" (*see, e.g., id.* at ¶¶ 25, 28, 30, 38, 40, 42, 46, 49) but in many others, he refers to them as text messages (*see, e.g., id.* at ¶¶ 2, 7, 9-12, 15, 17-19, 31, 39, 46, 50).

In *Salcedo v. Hanna,* the Eleventh Circuit held that, under the TCPA, receipt of "a single text message is more akin to walking down a busy sidewalk and having a flyer briefly waived in one's face. Annoying, perhaps, but not a basis for invoking the jurisdiction of the federal courts" pursuant to Article III. 936 F.3d 1162, 1172 (11th Cir. 2019). While the Defendant acknowledges that text messages do not qualify as in injury in fact for purposes of conferring this Court with federal subject matter jurisdiction (ECF No. 10, at 3), the Defendant's arguments hinge on the Plaintiff's interchangeable use of text message versus call in the complaint.

While the complaint could perhaps have been more carefully plead, the Court finds that it is clear the Defendant's complaint hinges on the receipt of text messages, not phone calls. Indeed, nearly all of the general allegations in

the complaint reference the Plaintiff's receipt of text messages, and text messages and calls are used interchangeably thereafter throughout the complaint. In *Salcedo*, the Eleventh Circuit noted that the FCC, pursuant to its rulemaking authority, has applied the TCPA to text messages, stating "a text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)." 936 F.3d at 1167 (internal quotations omitted). Consistent with the FCC's rulemaking, while perhaps a bit confusing, it appears completely justifiable to refer to a text message as a call for purposes of the TCPA. As the Court finds the basis for the Plaintiff's complaint rests on the receipt of unsolicited and automated marketing text messages, the Court agrees with the Plaintiff that he has not suffered an injury in fact sufficient to confer the Court with jurisdiction over the instant dispute.

    As an alternative, the Defendant alleges the Plaintiff's claim of harms "including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion" are sufficient to confer the Court with jurisdiction over this matter. (ECF No. 10, at 6.) Again, the Court finds that *Salcedo* addresses the Defendant's arguments. In *Salcedo*, the plaintiff asked the Eleventh Circuit to consider whether the receipt of a text message "has a close relationship to a harm that has been traditionally regarded as providing a basis for a lawsuit in English or American Courts." 936 F.3d at 1171-72. The Eleventh Circuit considered whether allegations of receiving an unsolicited text message could be redressable under the torts of seclusion, trespass, nuisance, conversion, and trespass to chattel and the Eleventh Circuit found, with respect to each of these torts, that harm alleged was too "isolated, momentary, and ephemeral" to support a finding of "concrete injury" for purposes of Article III standing. *Id.* The Court therefore finds that these additional allegations are insufficient to confer it with jurisdiction over this matter.

    As the Plaintiff has not suffered an injury in fact and the Court therefore lacks jurisdiction over this matter, the Court directs the Clerk to administratively **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County.

    **Done and ordered** in Miami, Florida, on March 12, 2021.

Robert N. Scola, Jr.
United States District Judge